1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GEORGE LEE,

11               Plaintiff,                    No. 2:12-cv-2104 GEB KJN P

12          vs.

13    A. WHITTEN, et al.,

14               Defendants.                   <u>ORDER</u>

15    _____/

16               Plaintiff is a state prisoner proceeding without counsel.  On August 13, 2012,

17    plaintiff's state court action was removed from Solano County Superior Court.  (Dkt. No. 1.)

18    This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

19    On August 13, 2012, defendants filed a motion asking the court to screen plaintiff's complaint.

20    On September 12, 2012, plaintiff filed a motion stating that the complaint filed by defendants

21    was not a complete copy of the complaint filed in state court, and that it is missing the last 17

22    pages.  Plaintiff stated he was submitting the entire complaint as submitted to the state court, but

23    no such complaint was provided.

24               In addition, the first four pages of the complaint is a state court personal injury

25    complaint form that does not provide the information necessary to proceed in federal court.

26    ////

Plaintiff is advised that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

2   as true the allegations of the complaint in question,  id., and construe the pleading in the light

3   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5              In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) the

6   violation of a federal constitutional or statutory right; and (2) that the violation was committed by

7   a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones

8   v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

9   rights claim unless the facts establish the defendant's personal involvement in the constitutional

10  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

11  constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

12  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).[1]

13             Because the complaint was filed on a state court form, and appears to be

14  incomplete, plaintiff will be granted leave to file an amended complaint.  The Clerk of the Court

15  is directed to send plaintiff the form for filing a civil rights action by a prisoner.  In addition,

16  plaintiff is informed of the standards governing claims based on deliberate indifference to

17  medical needs, and his due process claim concerning an alleged false report.

18             Plaintiff claims that defendants were deliberately indifferent to his serious medical

19  needs.  To state a claim for violation of the Eighth Amendment based on inadequate medical

20  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

21

22         [1]  In addition, supervisory personnel are generally not liable under § 1983 for the actions
    of their employees under a theory of respondeat superior and, therefore, when a named defendant

23  holds a supervisorial position, the causal link between him and the claimed constitutional
    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

24  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
    438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no

25  evidence of personal participation).  Vague and conclusory allegations concerning the
    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

26  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
    personal participation is insufficient).

1  indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,

2  plaintiff must show both that his medical needs were objectively serious, and that defendant

3  possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);

4  McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

5  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

6  patient would find worthy of comment or treatment, or the existence of chronic and substantial

7  pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

8  grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir. 1997) (en banc).  It is

9  important to differentiate common law negligence claims of malpractice from claims predicated

10  on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In

11  asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support

12  this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

13  Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); see also Toguchi v. Chung, 391 F.3d 1051,

14  1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion

15  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

16  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

17  (9th Cir. 1981).

18            Plaintiff's due process claims are not clear.

19            The Fourteenth Amendment provides that no state shall deprive a person of life,

20  liberty, or property without due process of law.  These procedural guarantees apply only when a

21  constitutionally-protected liberty or property interest is at stake.  Board of Regents v. Roth,

22  408 U.S. 564, 569-70 (1972) (the Fourteenth Amendment's Due Process Clause does not trigger

23  the need for procedural protections in every instance involving the state's deprivation of an

24  individual's liberty, but only when there is a cognizable liberty interest at stake); see Ingraham v.

25  Wright, 430 U.S. 651, 672 (1977).  Protected liberty interests arise from the Fourteenth

26  Amendment's Due Process Clause itself, or from state laws or regulations deemed to have

created a liberty interest cognizable as a civil right.  <u>Meachum v. Fano</u>, 427 U.S. 215, 224-27 (1976); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557-58 (1974) (describing minimum safeguards applicable before a cognizable liberty interest may be infringed, such as before withdrawing sentence credits a prisoner has already acquired).

The complaint must allege facts permitting a finding that the plaintiff has a liberty interest at stake, arising from either the Due Process clause or from state-created sources.  <u>Sandin v. Conner</u>, 515 U.S. 472, 477-78 (1995) (examining whether state prison regulations or the Due Process Clause afforded inmate a protected liberty interest that would entitle him to procedural protections before transfer into segregation); <u>see Roth</u>, 408 U.S. at 569 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property").

> These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Sandin</u>, 515 U.S. at 482.

Changes in a prisoner's conditions of confinement can amount to a deprivation of a liberty interest constitutionally protected under the Due Process Clause, but only if the liberty interest in question is one of real substance.  <u>Sandin</u>, 515 U.S. at 477-78.  Only in those cases where a sufficiently substantial liberty interest is at stake must the court evaluate whether the process received comported with minimum procedural due process requirements.  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotations omitted).  If the court answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for a Fourteenth Amendment violation.

In order to find a liberty interest conferred by state law, the analysis focuses on the nature of the deprivation rather than on the language of any particular regulation, to avoid

1    involvement of federal courts in day-to-day prison management.  See Sandin, 515 U.S. at 479-82,

2    483; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (prisoner's due process claim

3    fails because he has no liberty interest in freedom from state action taken within sentence

4    imposed, and administrative segregation falls within the terms of confinement ordinarily

5    contemplated by a sentence).  Protected liberty interests created by state law are "generally

6    limited to freedom from restraint which . . . imposes atypical and significant hardship on the

7    inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 483-84; see also

8    Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996) (prison classification created no "atypical

9    and significant hardship" because it would not invariably affect the duration of the inmate's

10   sentence) (interpreting Sandin).

11          Thus, to the extent plaintiff seeks to state a due process claim based solely on his

12   claim that defendant Whitten submitted a false report about plaintiff, plaintiff fails to state a

13   cognizable claim under 42 U.S.C. § 1983.  A prisoner does not have a constitutional right to be

14   free from falsified disciplinary reports.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.

15   1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims);

16   Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("[A] prison inmate has no

17   constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

18   may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137,

19   1140-41 (7th Cir. 1984) (allegations of a false or fabricated disciplinary charge against an inmate

20   fail to state a claim under § 1983); see also Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D.

21   Cal. 1997) (citing Freeman and noting that "courts have held that a prisoner does not have a

22   constitutional right to be free from wrongfully issued disciplinary reports.").  Thus, to the extent

23   plaintiff seeks to assert a claim against defendant Whitten because defendant Whitten's report

24   against plaintiff was "false," plaintiff's claim is insufficient to state a due process violation, and

25   should not be included in any amended complaint.

26   ////

1   To the extent plaintiff seeks to allege that defendants engaged in a cover-up,

2   plaintiff's claim may be premature.

3   Allegations that officials engaged in a cover-up state a constitutional claim only if

4   the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain

5   redress for the constitutional violation that was the subject of the cover-up.  See Karim-Panahi v.

6   Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a

7   federally cognizable claim provided that defendants' actions can be causally connected to a

8   failure to succeed in the present lawsuit."); Rose v. City of Los Angeles, 814 F.Supp. 878, 881

9   (C.D. Cal. 1993).  A cover-up claim is premature when a plaintiff's action seeking redress for the

10  underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim

11  alleging police cover-up of misconduct was premature when action challenging misconduct was

12  pending); Rose, 814 F.Supp. at 881 ("Because the ultimate resolution of the present suit remains

13  in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

14  For all of the above reasons, the court finds the allegations in plaintiff's complaint

15  so vague and conclusory that it is unable to determine whether the current action is frivolous or

16  fails to state a claim for relief.  The court has determined that the complaint does not contain a

17  short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules

18  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

19  claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

20  Plaintiff must allege with at least some degree of particularity overt acts which defendants

21  engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the

22  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

23  however, grant leave to file an amended complaint.

24  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

25  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

26  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

7

1 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

2 unless there is some affirmative link or connection between a defendant's actions and the

3 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

4 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil

5 rights violations are not sufficient.  Ivey, 673 F.2d at 268.

6          In addition, plaintiff is hereby informed that the court cannot refer to a prior

7 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

8 an amended complaint be complete in itself without reference to any prior pleading.  This

9 requirement exists because, as a general rule, an amended complaint supersedes the original

10 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

11 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

12 amended complaint, as in an original complaint, each claim and the involvement of each

13 defendant must be sufficiently alleged.  Plaintiff should use the court's form for filing his

14 amended complaint.

15          Finally, in plaintiff's motion, he sought a court order requiring prison officials to

16 provide him with law library access to address the court call conference in the underlying state

17 court action.  (Dkt. No. 8.)  However, now that the case has been removed to federal court,

18 plaintiff has no deadline in state court.  Thus, plaintiff's motion is denied without prejudice.

19          In accordance with the above, IT IS HEREBY ORDERED that:

20          1.  Defendants' August 13, 2012 motion (dkt. no. 2) is granted; defendants are

21 relieved from filing a responsive pleading until so directed by the court.

22          2.  Plaintiff's September 12, 2012 motion (dkt. no. 8) is denied without prejudice.

23          3.  Plaintiff's complaint is dismissed.

24          4.  Within thirty days from the date of this order, plaintiff shall complete the

25 attached Notice of Amendment and submit the following documents to the court:

26          a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.
Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
also bear the docket number assigned to this case and must be labeled "Amended Complaint."
Failure to file an amended complaint in accordance with this order may result in the dismissal of
this action.

5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil
rights complaint by a prisoner.

DATED:  September 24, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lee2104.14

9

1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   GEORGE LEE,
11            Plaintiff,                    No. 2:12-cv-1204 GEB KJN P
12        vs.
13   A. WHITTEN, et al.,                    <u>NOTICE OF AMENDMENT</u>
14            Defendants.
15   _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17   order filed _____:
18          _____   Amended Complaint
19   DATED:
20
21                                          _____
22                                          Plaintiff
23
24
25
26