IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

       Plaintiff,                    No. 2:12-cv-2104 TLN KJN P

   vs.

A. WHITTEN, et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

                             /

      Plaintiff is a state prisoner proceeding without counsel. On August 2, 2013, plaintiff filed a document styled, "Order to Show Cause and Notice to File Return." (ECF No. 26.) Plaintiff claims that prison staff by the names of Martella, Mojica and Medina are employed at Salinas Valley State Prison ("SVSP"), and allegedly abused their positions to deny plaintiff copies of his trust account information from December of 2011. Plaintiff claims Mojica, Medina and Martella denied, cancelled, rejected, screened out, or refused to respond to plaintiff's complaints/appeals. Plaintiff also alleges that "Jane Doe Ochoa" denied, rejected, or refused to respond to plaintiff's complaints or appeals. Plaintiff alleges that he "has been subjected to denial of his right to petition, due process rights pursuant to [the] United States and California Constitutions." (ECF No. 26 at 1.) Plaintiff asks the court to "let issue an order to show cause why the relief prayed [for] should not be granted." (ECF No. 26 at 2.) But plaintiff does not specify the relief sought.

1

1   Injunctive relief is an extraordinary remedy that may only be awarded upon a clear
showing that the moving party is entitled to such relief.  Winter v. Natural Res. Def. Council,
Inc., 555 U.S. 7, 22 (2008).  As provided by Federal Rule of Civil Procedure 65, a court may
issue a preliminary injunction to preserve the relative position of the parties pending trial on the
merits.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "The proper legal standard
for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on
the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,
Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter, 555 U.S. at 22.  Thus, the
temporary relief sought by plaintiff must be connected to the allegations of the underlying
complaint.

   Here, the instant action is proceeding on plaintiff's claims against defendants Whitten,
Greer, and Sheldon, all employed at the California Medical Facility ("CMF"), based on
plaintiff's allegation that defendant Whitten used excessive force on plaintiff on August 18,
2010, and that these three defendants were subsequently deliberately indifferent to plaintiff's
serious medical needs in violation of the Eighth Amendment.  (ECF No. 14 at 1.)

   None of the staff named in plaintiff's August 2, 2013 request are named as defendants
herein.  Plaintiff's request is based on events that took place at SVSP from December of 2011.
(ECF No. 26 at 1.)  Because there is no relationship between the allegations in the operative
complaint and the relief sought against prison staff at CMF concerning plaintiff's current claims,
the court cannot grant injunctive relief.[1]

////

---

[1] Moreover, because the staff named in plaintiff's recent request are employed at SVSP, located in Soledad, Monterey County, California, which is in the Northern District of California.  Therefore, plaintiff's claims in the instant request should have been filed in the United States District Court for the Northern District of California.  See 28 U.S.C. § 1391(b).  If plaintiff re-files his request in the Northern District of California, he should specify the relief sought.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's August 2, 2013 request for injunctive relief (ECF No. 26) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lee2104.pi